UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------- x
UNITED STATES OF AMERICA        :
                                :
                                :
v.                              :  Criminal No. 3:22-cr-111(AWT)
                                :
JERMAINE CANNON                 :
                                :
                                :
------------------------------- x
```

**<u>RULING ON MOTION FOR OPENING STATEMENTS</u>**

For the reasons set forth below, the government's Motion for Opening Statements (ECF No. 85) is hereby GRANTED.

"The function of an opening statement is merely to state what evidence will be presented to provide an 'outline of proposed proof." <u>United States v. Salovitz</u>, 701 F.2d 17, 21 (1983) (internal quotation marks and citations omitted). "'[I]t is not an occasion for argument.'" <u>Id.</u> (quoting <u>United States v. Dintz</u>, 424 U.S. 600, 612 (1976)).

In this case, providing the jury with a framework for contextualizing the evidence is particularly appropriate so the members of the jury can keep track of what evidence relates to charged offenses that occurred on five separate days. Each charged offense involves an armed robbery, and each robbery occurred at the same location. The government anticipates calling approximately 40 to 45 witnesses depending on what stipulations, if any, can be reached with the defense. While

counsel are certainly very familiar with the case, it is unclear even to the court, notwithstanding the motion practice in this case, which witnesses and other evidence will be relevant to which count or counts – as some evidence may be relevant to more than one count but not all counts.

The court notes that the defendant's reliance on United States v. Garcia, 413 F.3d 201 (2d Cir. 2005), is clearly misplaced. See Def.'s Opp. Gov. Mot. Opening Statements (ECF No. 94) at 7. As an initial matter, that case arose in an entirely different context, i.e., whether a law enforcement agent's testimony as to the defendant's role in the charged offense was admissible as lay opinion testimony under Rule 701. More significantly, in response to the government's contention there that the agent's opinion would be helpful to the jury, the court stated: "The law already provides an adequate vehicle for the government to help the jury gain an overview of anticipated evidence as well as a preview of its theory of each defendant's culpability: the opening statement." Garcia, 413 F.3d at 215. The court then continued:

> In this case, the prosecution, in its opening remarks, repeatedly identified Garcia as a "partner" with Francisco Valentin in the acquisition and distribution of kilogram quantities of cocaine, with Garcia having particular responsibility for ensuring the quality of their illicit product. Such an overview presented no risk of prejudice because the jury was specifically instructed that the opening statements of counsel "are not evidence."

Id. (internal citations omitted).

It is so ordered.

Dated this 21st day of March 2023, at Hartford, Connecticut.

                                                       /s/AWT  
                                           Alvin W. Thompson  
                                    United States District Judge